BEZAR B. HARVEY *vs.* EPHRAIM A. DODGE.

Franklin.    Opinion April 11, 1882.

*Practice.    Exceptions.*

If the justice presiding at *nisi prius* in allowing exceptions requires the excepting party to present a report of the evidence to make part of the exceptions, a neglect or refusal to furnish such report is of itself sufficient cause for overruling the exceptions.    The order to present such a report is a proper one, when necessary for the court here to see what the testimony was upon which the instructions excepted to were based; and it is absolutely necessary for the excepting party, upon whom devolves the burden of showing that he has been aggrieved by erroneous rulings, and he must accordingly present enough of the case to enable the full court to determine, not merely that there may have been an error prejudicial to the excepting party, but that there actually was one.

To state in the charge facts proved and not controverted is not expressing an opinion upon issues of fact arising in the case within the meaning of stat. 1874, c. 212.    If the presiding justice inadvertently assumes as uncontroverted matters in evidence upon which either party proposes to raise an issue to the jury, it is the duty of his counsel to call the attention of the judge to the position taken in behalf of his client so that the mistake may be rectified before the jury retire.    If he neglects to do this it may properly be considered as a waiver of all right to except on that score.

ON EXCEPTIONS.

Replevin.    The plaintiff and his attorney were the only witnesses called in the case.    Verdict was for plaintiff.

The opinion states the case presented by the defendant's exceptions.

*P. H. Stubbs*, for the plaintiff.

*S. Clifford Belcher*, for the defendant.

There was no argument for the defendant before the law court.

BARROWS, J.  From the general tenor of defendant's exceptions we infer that the design of the counsel presenting them was to raise the question whether the judge presiding at the trial did not "express an opinion upon issues of fact arising in the case."

Doubtless it would be easy to conceive of cases in which some of the language quoted from the charge would amount to such an expression of opinion.  But it is incumbent on the excepting party, if he would sustain his exceptions to present enough of the case to enable us to determine, not merely that it may have been but that it was so.

The presiding judge required the excepting party to furnish a report of the evidence, and the exceptions were allowed upon that condition, the judge, apparently, being of opinion that they would not truly present the case unless the evidence went with them.

There were only two witnesses called in the case, both of them by the plaintiff, and the condition could not have been burdensome.  But the defendant, apparently apprehensive that a report of the evidence upon which the charge was based would not aid his exceptions, prefers to submit them without furnishing it, excepting also to the order requiring him to make it a part of the exceptions.

If the defendant had had any just cause to complain of the charge this report could not fail to make it appear.  In its absence we cannot presume that the charge was in violation of the statute.  The presumption is the other way.  The only reasonable inference from its non-production is that it would have justified the charge.

Issues of fact are sometimes presented by the pleadings which vanish when all the evidence has been heard.  These are not "issues of fact arising in the case" within the purview of the statute of 1874, c. 212.

That the presiding judge may properly require the excepting party to present in his exceptions such parts of the testimony as

may have a bearing upon the pertinency and propriety of the instructions, was settled in *Lewis* v. *Smart*, 67 Maine, 207. These exceptions should be overruled as incomplete for non-compliance with this order, were there no other reason apparent on the face of them. A statement by the judge in his charge of matters proved and not controverted, is not an expression of opinion upon an issue of fact arising in the case. *McLellan* v. *Wheeler*, 70 Maine, 285.

If the presiding judge inadvertently assumes as uncontroverted any matter of fact in evidence upon which either party proposes to raise an issue to the jury, it is the obvious duty of counsel to call the attention of the judge to the position taken in behalf of his client, so that the mistake may be rectified before the case goes to the jury. If he neglects to do this, it may properly be considered as a waiver of exceptions on that score.

*Exceptions overruled.*

APPLETON, C. J., DANFORTH, VIRGIN and SYMONDS, JJ., concurred.